IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Anthony Salvador Jasper, | Case No. 3:08 CV 2678 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Scott Sauer, et al., | |
| Defendants. | |

*Pro se* Plaintiff Anthony Salvador Jasper filed this action in the United States District Court for the Western District of Texas on October 24, 2008. In the Complaint, he asserts claims under 42 U.S.C. §§ 1981, 1983, and 1985 against Defendants Bowling Green State University Public Safety Officers Scott Sauer, Sean Beavers and Anthony Dotson. Because all Defendants are residents of Ohio and all the events described in the Complaint (Doc. No. 1) occurred in Ohio, the case was transferred to this Court on November 12, 2008.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). The Application is granted.

### BACKGROUND

Plaintiff describes himself as a "non-enrolled student at the Bowling Green State University in Bowling Green, Ohio and a resident abroad in the U.S." (Compl. at 2). He lists two mailing addresses, one in New York and one in New Jersey, and states he is homeless. He claims he has a mailing address in Texas as well.

Plaintiff provides few facts in his pleading. He claims Scott Sauer told him "he stinked, was crazy, unstable, did not belong at the University, [and] . . . had a ninth grade level of education . . ." (Compl. at 6). The officers declared he was not a student of the University; however, Jasper claims his "University ID number is listed on the Bowling Green State University Incident report and [Jasper] had advised such officer of his prior attendances there . . ." (Compl. at 7). Plaintiff states he retained his University identification (Compl. at 6-7).

The officers stated in an affidavit that Plaintiff had been convicted of an offense of violence against a child services agency employee, which he denies. Plaintiff claims the offense provided the basis for an "illegal search and seizure" (Compl. at 10). He states the "victim Emmanuelle Nsangalufu believed [Japser] was going to strike him as listed in the sworn declaration for probable cause . . ." (Compl. at 14). Nsangalufu's statement was supported by a similar statement from his roommate.

Plaintiff indicates he was arrested on August 27, 2007 although he had permission "to come on campus for testing as administered by the judge in his Court order" (Compl. at 16). As he was led to the police car, Jasper stepped on an officer's shoe and the officer pushed him back. Jasper told the officer he felt he was being pulled and the officer said that he didn't care. The remainder of the Complaint is comprised of legal rhetoric.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

2

basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

### 42 U.S.C. § 1981

Plaintiff also fails to state a cause of action under 42 U.S.C. §1981. To establish a claim under that statute, Plaintiff must allege he is a member of a racial minority, Defendants intended to discriminate against him on the basis of his race, and the discrimination concerned one or more of the activities enumerated in the statute. *Johnson v. Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998). The Complaint gives no indication Plaintiff is a member of a racial minority or that any Defendants took action against him because of his race.

### 42 U.S.C. § 1983

Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983. To establish a prima facie case, Plaintiff must assert a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Although his Complaint contains many pages of legal argument, it has very few factual allegations which suggest Defendants violated his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Complaints must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . .

transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even if a legal claim could be extracted from the text of the Complaint, the few facts alleged are not enough to support a cause of action. Statements of legal principles alone are insufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

**42 U.S.C. § 1985**

Finally, Plaintiff fails to properly allege a conspiracy claim pursuant to 42 U.S.C. § 1985. Plaintiff must establish: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of Plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* Plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *Morgan,* 829 F.2d. at 12. There must be sufficient factual allegations to link the alleged conspirators to the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993). There are no facts alleged in the Complaint which establish the existence of a conspiracy or suggest Defendants intended to engage in class-based discrimination.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 14, 2009

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.